**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LE FEUVRE,<br><br>Plaintiff,<br><br>v.<br><br>LIUNIAN888 et al,<br><br>Defendants. | Civil Action No. 2:26-cv-01210-WSS<br><br>(Judge Stickman) |

**DEFENDANT NOS. 122 AND 124'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF NO. 59), FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, AND TO STAY ANY DEFAULT-JUDGMENT PROCEEDINGS PENDING RESOLUTION OF THIS MOTION**

BOIILIFE LLC, a Colorado company sued as Defendant No. 122 (BOIILIFE.COM), and RIVACOCO LLC, a Colorado company sued as Defendant No. 124 (RIVACOCO.COM) (collectively, the "Moving Defendants"), by and through undersigned counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 55(c), to set aside the Clerk's Entry of Default (ECF No. 59) entered against them on July 15, 2026; pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for an extension of time of twenty-one (21) days, or alternatively no fewer than 14 days from the date of the Court's order within which to answer, move, or otherwise respond to the Complaint; and for an order staying any proceedings on a motion for default judgment against Moving Defendants pending resolution of this Motion. This Motion is supported by the Declaration of Weifan PENG, the owner of Moving Defendants, filed herewith as Exhibit A (the "PENG Decl."), and by the Brief in Support set forth below.

By filing this Motion, Moving Defendants appear for the limited purpose of seeking relief from the entry of default and related relief. Moving Defendants expressly reserve, and do not waive,

all defenses available to them, including without limitation the defenses of lack of personal jurisdiction, insufficient process, insufficient service of process, improper venue, misjoinder, and failure to state a claim, all of which Moving Defendants intend to raise, as appropriate, in their response to the Complaint. See Fed. R. Civ. P. 12(b), (h).

**CERTIFICATION OF CONFERRAL**

Pursuant to this Court's Practices and Procedures, undersigned counsel certifies that this Motion has been discussed with Plaintiff's counsel. On the morning of July 15, 2026, undersigned counsel emailed Plaintiff's counsel, requesting (i) a twenty-one (21) day extension of time for Moving Defendants to answer or otherwise respond to the Complaint, and (ii) Plaintiff's agreement to set aside the entry of default, and requested a response by the end of that day. As of the filing of this Motion, Plaintiff's counsel, although responded, just disregards our request, and Plaintiff's position on the relief requested herein is accordingly unknown.

**PROCEDURAL BACKGROUND**

1. Plaintiff commenced this action for alleged copyright infringement against more than one hundred defendants, including Moving Defendants, identified in the operative pleading as Defendant No. 122 (BOIILIFE.COM) and Defendant No. 124 (RIVACOCO.COM). Plaintiff's claims against the Moving Defendants rest on U.S. Copyright Registration No. VA 2-396-033. The registration and Plaintiff's own filings reflect that the asserted work was created and first published on October 13, 2014, but that Plaintiff did not obtain registration until May 31, 2024, more than nine years after first publication.

2. BOIILIFE.COM is operated by BOIILIFE LLC, and RIVACOCO.COM is operated by RIVACOCO LLC, each a company organized and existing under the laws of the State of

Colorado. Each company was formed before its storefront began operating, and each is identified on its storefront's publicly displayed "Contact Us" page. Moving Defendants' business operations, management, decision-making, product sourcing, listing, customer service, and order processing, are conducted from the People's Republic of China, where their personnel are located. (PENG Decl. ¶¶ 1, 3–4.)

3. On June 16, 2026, Plaintiff served the Summons and Complaint on Moving Defendants solely by electronic mail, pursuant to the Court's order authorizing alternative service under Federal Rule of Civil Procedure 4(f)(3) (ECF No. 12). No litigation papers were delivered to any person at Moving Defendants' actual place of business in China other than by that email. (PENG Decl. ¶¶ 4–6.)

4. The deadline for Moving Defendants to answer or otherwise respond to the Complaint was July 7, 2026.

5. Moving Defendants did not timely respond to the Complaint. This failure was not willful and did not reflect any intent to disregard this Court's process or to delay these proceedings. Because the service email arrived without any physical delivery to responsible personnel, and due to an internal administrative oversight, the litigation materials were not timely escalated to Moving Defendants' responsible management personnel. The individuals with authority to retain counsel and respond on Moving Defendants' behalf did not learn of the pendency of this action or the response deadline until on or about July 13, 2026. (PENG Decl. ¶¶ 7–9.)

6. On July 15, 2026, the Clerk entered default against Moving Defendants pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 59.)

7. Also on July 14, 2026, immediately upon Moving Defendants' responsible management personnel becoming aware of this action, Moving Defendants retained undersigned counsel to appear and defend this action. (PENG Decl. ¶ 10.)

8. Promptly after being retained, undersigned counsel attempted to resolve this matter without judicial intervention. On the morning of July 15, 2026, undersigned counsel emailed Plaintiff's counsel requesting a twenty-one (21) day extension of time for Moving Defendants to answer or otherwise respond to the Complaint and Plaintiff's agreement to set aside the entry of default, and requested a response by the end of that day. As of the filing of this Motion, Plaintiff's counsel has not responded to that request but only asked for other information from defendants.

9. Undersigned counsel is filing a Notice of Appearance contemporaneously with this Motion, which follows without delay.

10. No default judgment has been entered against Moving Defendants, and, as of the filing of this Motion, no motion for default judgment appears to be pending on the docket. This action remains at an early stage: no discovery has occurred and no trial date has been set.

11. Moving Defendants have meritorious defenses to Plaintiff's claims, including misjoinder and the other defenses identified in Section III.B of the Brief in Support below. (PENG Decl. ¶¶ 11–13.)

**RELIEF REQUESTED**

12. For the reasons set forth below, good cause exists to set aside the entry of default: the default did not result from culpable conduct but from an isolated internal administrative oversight by foreign defendants served only by email; Moving Defendants have

meritorious defenses to Plaintiff's claims; and Plaintiff will suffer no cognizable prejudice from having this matter proceed on the merits.

13. Moving Defendants further request that, concurrent with setting aside the entry of default, the Court grant Moving Defendants an extension of time of twenty-one (21) days from the date of the Court's order within which to answer, move, or otherwise respond to the Complaint.

14. Moving Defendants further request that, pending resolution of this Motion, the Court stay any proceedings on a motion for default judgment against Moving Defendants, and direct that Plaintiff not seek, and the Clerk not enter, default judgment against Moving Defendants unless and until further order of the Court.

WHEREFORE, Moving Defendants respectfully request that this Court enter an Order (i) setting aside the Clerk's Entry of Default (ECF No. 59) as to Defendant Nos. 122 and 124; (ii) granting Moving Defendants twenty-one (21) days,or alternatively no fewer than 14 days from the date of the Order within which to answer, move, or otherwise respond to the Complaint; (iii) staying any proceedings on a motion for default judgment against Moving Defendants pending resolution of this Motion; and (iv) granting such other and further relief as the Court deems just and proper.

**BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT, FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, AND TO STAY ANY DEFAULT-JUDGMENT PROCEEDINGS**

## I. INTRODUCTION

Moving Defendants are two small online storefronts, Colorado companies whose operations and personnel are located entirely in China, that were served with this copyright action only by email. Through an internal administrative oversight, that email was not escalated to the personnel with authority to act, and Moving Defendants defaulted without ever making a deliberate choice to ignore this Court. On the very day the default was entered, and immediately after the oversight was discovered, Moving Defendants retained U.S. counsel, sought Plaintiff's consent to resolve the matter without motion practice, and filed this Motion. The Third Circuit has repeatedly emphasized that default is a drastic remedy disfavored in favor of adjudication on the merits, and that Rule 55(c)'s "good cause" standard should be applied liberally, particularly before any default judgment has been entered. All three relevant factors, absence of culpable conduct, the existence of meritorious defenses, and absence of prejudice to Plaintiff, favor relief here. To preserve the status quo while the Motion is pending, Moving Defendants also ask the Court to stay any proceedings on a motion for default judgment.

## II. LEGAL STANDARD

Rule 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit recognizes a material distinction between an entry of default and a default judgment: "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). Consistent with that distinction, the Third Circuit disfavors defaults and directs

that, in close cases, doubts should be resolved in favor of setting aside the default so that the case may be decided on its merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

In determining whether good cause exists, courts in this Circuit consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *$55,518.05 in U.S. Currency*, 728 F.2d at 195; see also *Feliciano*, 691 F.2d at 656.The Third Circuit has repeatedly expressed its preference that cases be decided on the merits whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Accordingly, the Court of Appeals "does not favor entry of defaults or default judgments," and doubtful or close cases should be resolved in favor of setting aside the default and reaching the merits. *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95; *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Because only a Clerk' s Entry of Default is at issue here, and no default judgment has been entered, these principles apply with particular force.

## III. ARGUMENT

### A. The Default Was Not the Result of Moving Defendants' Culpable Conduct.

"Culpable conduct" in this context requires conduct reflecting willfulness or bad faith; mere negligence, standing alone, is insufficient. *Hritz*, 732 F.2d at 1182−83. Although reckless disregard of repeated communications from the opposing party and the court may satisfy this standard, neglect alone does not. *Id.* at 1183; see also *Feliciano*, 691 F.2d at 657 (finding no culpable conduct where the defaulting party's reasonable jurisdictional concerns and cooperative communications demonstrated neither bad faith nor disrespect for the district court).

Here, the Moving Defendants' brief failure to respond resulted from an internal administrative oversight, not a deliberate or reckless decision to disregard repeated communications from Plaintiff or the Court. The circumstances of Moving Defendants' default bear none of the hallmarks of willfulness. Moving Defendants' business is operated entirely from China, and all personnel with authority to act on litigation matters are located in China; the only notice of this action that reached Moving Defendants was a single email. (PENG Decl. ¶¶ 3–5.) Unlike personal service on a registered agent or an officer, which by design places litigation papers directly into responsible hands, email service depends entirely on the recipient organization's internal routing. Here, that routing failed: due to an internal administrative oversight, the litigation materials were not escalated to Moving Defendants' responsible management personnel, and the individuals with authority to engage counsel had no actual knowledge of the action or its deadlines until on or about July 15, 2026. (PENG Decl. ¶¶ 7–9.) That kind of internal miscommunication, as distinct from a deliberate decision to ignore the litigation, is precisely the sort of good-faith lapse the Third Circuit has held does not rise to the level of culpable conduct.

Moving Defendants' conduct upon discovery confirms their good faith: Just after they learned of the action, the same day the default was entered, they retained U.S. counsel, who immediately emailed Plaintiff's counsel seeking a consensual twenty-one (21) day extension and withdrawal of the default before resorting to motion practice, and filed this Motion the same day. See supra ¶¶ 7–8. This is the opposite of willful defiance of the Court's authority.

**B. Moving Defendants Have Meritorious Defenses.**

A defendant seeking to set aside an entry of default need not prove that its defense will ultimately prevail; it need only allege facts that, if established at trial, would constitute a complete

defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Moving Defendants have several.

*First*, Moving Defendants are misjoined. Rule 20(a)(2) permits defendants to be joined in a single action only if the claims against them arise out of "the same transaction, occurrence, or series of transactions or occurrences" and share a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Plaintiff has swept more than one hundred defendants into this single action, but Moving Defendants have no relationship, affiliation, coordination, or connection with any other defendant named in this case; they did not act in concert with any of them, and the claims against Moving Defendants rise and fall on facts specific to Moving Defendants' own listings. (PENG Decl. ¶ 11.) Allegations that unrelated online sellers separately committed similar acts of infringement do not satisfy Rule 20(a)(2), and courts around the country have increasingly recognized that mass joinder of unconnected e-commerce defendants in cases of this kind is improper. Moving Defendants intend to seek severance under Rule 21 and any relief appropriate upon severance.

*Second*, service of process on Moving Defendants was invalid, and Moving Defendants intend to challenge personal jurisdiction, process, service of process, and venue under Rule 12(b)(2)–(5). Plaintiff served Moving Defendants only by email, pursuant to an ex parte order entered under Rule 4(f)(3). But Moving Defendants are Colorado companies. (PENG Decl. ¶¶ 1, 4.) Rule 4(f) by its terms governs service "at a place not within any judicial district of the United States"; it is not a vehicle for bypassing the readily available domestic methods that Rule 4(h)(1) prescribes for serving a domestic corporation, including service on the registered agent that Colorado law requires every Colorado entity to maintain. Nor was the entities' existence hidden: each storefront's publicly displayed "Contact Us" page identified its Colorado operating company, so the domestic character of the operators was apparent from the face of the very websites Plaintiff investigated in bringing this action.Nor is there anything contrived about the entities' role: each

was formed before its storefront began operating, and each is identified on its storefront's publicly displayed "Contact Us" page. (PENG Decl. ¶ 4.) Indeed, the storefronts' "Contact Us" pages display a specific United States street address, 2452 Patterson Rd, 403, Grand Junction, Colorado 81505, so the very websites Plaintiff sued placed a domestic service address before it, yet Plaintiff proceeded by email under a rule reserved for service abroad. (PENG Decl. ¶ 6.)

Alternatively, even if the Court were to look past the Colorado entities and treat the storefronts' operators in China as the true defendants, email service would still be improper. Rule 4(f)(3) authorizes service abroad only "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Where the Hague Service Convention applies, the Second, Third, and Seventh Circuits have concluded that the Convention provides the exclusive catalogue of permissible methods for transmitting judicial documents abroad and precludes methods that it does not authorize. See *SEC v. Lahr, No. 22-2497*, 2024 WL 3518309, at *3–5 & nn.12, 16–17 (3d Cir. July 24, 2024) (not precedential); *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170–72 (2d Cir. 2025); *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, No. 25-2205, 2026 WL 1502198, at *5–6 (7th Cir. May 29, 2026).

The Second and Seventh Circuits have specifically held that, when the Convention applies, it does not permit service by email on defendants located in mainland China. *Smart Study*, 164 F.4th at 170–72; *Kangol*, 2026 WL 1502198, at *5–6. The Convention does not otherwise authorize email service, and China has objected to the methods of transmission identified in Article 10. Thus, even assuming that email could qualify as a "postal channel" under Article 10(a), China's objection forecloses reliance on that provision. *Smart Study*, 164 F.4th at 170–72; *Kangol*, 2026 WL 1502198, at *6.The Convention applies where the defendant's address is known or reasonably ascertainable. (PENG Decl. ¶ 6.) The storefronts' PayPal account is held in the name of Shenzhen

Longhua District Nonvan Fashion Studio, a Chinese entity registered at Room 713, No. 54, Langkou Third District, Langkou Community, Dalang Street, Longhua District, Shenzhen, Guangdong Province. Plaintiff, however, has produced no evidence of a test purchase, PayPal transaction record, payment-processor inquiry, or other investigation directed toward identifying the legal entity operating the storefronts or determining its physical address. Instead, the materials presently sent by Plaintiff to the moving defendants appear to consist only of screenshots of Defendants' websites. On the present record, therefore, there is no showing that Plaintiff undertook reasonably diligent efforts to ascertain whether the storefronts were associated with an identifiable Chinese business having a publicly ascertainable registered address. The two addresses thus present Plaintiff with a dilemma it cannot escape: if the operative address is the United States address the storefronts themselves published, then domestic service under Rule 4(h) was required and readily available; if it is the operators' address in Shenzhen, then the Hague Convention barred service by email. On either characterization, email was not a permissible method of service. Invalid service is a complete threshold defense, and it independently undermines the entry of default itself, because a default premised on ineffective service cannot stand. See *Lahr*, 2024 WL 3518309 (vacating default judgment as void for improper email service).

*Third*, Moving Defendants have defenses on the merits. Plaintiff's claims rest on U.S. Copyright Registration No. VA 2-396-033, for a work created and first published on October 13, 2014 but not registered until May 31, 2024. Because the registration was made more than five years after first publication, the certificate does not constitute prima facie evidence of the validity of the copyright or of the facts stated in it; whatever evidentiary weight it carries is committed to the Court's discretion. 17 U.S.C. § 410(c). Plaintiff therefore bears the burden of establishing ownership and the validity and originality of the asserted work without the benefit of any statutory

presumption, including its chain of title across the nearly ten-year gap between publication and registration and the accuracy of the facts stated in the registration, and Moving Defendants intend to put Plaintiff to that proof. At this stage, these defenses, which, if established, would defeat Plaintiff's claims in whole or in part, amply satisfy the meritorious-defense showing required for Rule 55(c) relief.

**C. Plaintiff Will Suffer No Cognizable Prejudice.**

Mere delay, without more, ordinarily does not constitute prejudice sufficient to deny relief under Rule 55(c). The relevant inquiry is whether setting aside the default would tangibly impair Plaintiff's ability to litigate the merits, for example, through the loss of available evidence or an increased potential for fraud or collusion. *Feliciano*, 691 F.2d at 656–57; *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

This action remains at an early stage. No default judgment has been entered, no discovery has occurred as to Moving Defendants, and no trial date has been set. See supra ¶ 10. The default itself lasted a matter of hours before Moving Defendants sought relief: the Clerk entered default on July 15, 2026, and Moving Defendants retained counsel, sought Plaintiff's consent, and request to withdraw the default that same day. Plaintiff has lost no time, evidence, or litigation advantage, and litigating against two of more than one hundred defendants on the merits imposes no burden beyond what Plaintiff assumed in bringing this action. Any incremental delay associated with permitting Moving Defendants to defend on the merits is not the kind of prejudice Rule 55(c) is concerned with.

**D. The Third Circuit's Strong Preference for Resolving Disputes on the Merits Favors Setting Aside the Default.**

Because each of the relevant factors favors relief, or, at minimum, because this is a close case, the Court should resolve any doubt in favor of setting aside the Clerk's Entry of Default and permitting the action to proceed on the merits. See *Hritz*, 732 F.2d at 1181 (recognizing the Third Circuit's preference that cases be resolved on the merits whenever practicable); *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987) (directing that, in a close case, doubts be resolved in favor of setting aside the default and reaching the merits).

Those considerations weigh especially strongly here. The Moving Defendants are foreign parties whose purported notice of this action was transmitted only by email, who retained counsel and began taking corrective action immediately after obtaining actual knowledge of the need to respond, and who seek to raise threshold issues concerning service of process, and whether Plaintiff's claims against numerous unrelated defendants may properly proceed together in this forum. The Clerk's Entry of Default should not prevent those issues from being resolved through the ordinary adversarial process.

## IV. THE COURT SHOULD ALSO GRANT A BRIEF EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Because the original July 7, 2026 response deadline has already passed, Moving Defendants seek an extension of time under Rule 6(b)(1)(B), which permits a court, for good cause, to extend a deadline after it has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable determination requiring consideration of all relevant circumstances surrounding the failure to act, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant;

and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 182 (3d Cir. 2000)..

Each factor supports relief here for the same reasons discussed above: Plaintiff faces no meaningful prejudice given the early stage of the case; the delay is brief and was addressed the same day the default was discovered; the delay stemmed from an internal escalation failure at foreign entities served only by email, rather than any conduct within counsel's control; and Moving Defendants have proceeded in good faith by promptly retaining counsel, seeking Plaintiff's consent to the same twenty-one (21) day extension requested here, and seeking relief from the Court. Moving Defendants accordingly request twenty-one (21) days from the date of the Court's order within which to answer, move, or otherwise respond to the Complaint.

## V. THE COURT SHOULD STAY ANY DEFAULT-JUDGMENT PROCEEDINGS PENDING RESOLUTION OF THIS MOTION

A district court possesses inherent authority to control the disposition of the cases on its docket, including the discretion to stay or hold proceedings in abeyance in the interest of economy of time and effort for the Court, counsel, and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

That authority is properly exercised here. Moving Defendants filed this Motion the same day the default was entered, after first attempting, without success, to resolve the matter by agreement with Plaintiff's counsel. See supra ¶¶ 7–8. Absent a stay, Plaintiff could seek entry of default judgment against Moving Defendants while this Motion remains pending, potentially mooting the relief Moving Defendants seek and creating a risk of inconsistent proceedings. A brief

stay preserves the status quo, imposes no meaningful burden on Plaintiff given the early stage of this action, and ensures that the merits of this Motion, rather than the timing of any competing filing, determine whether Moving Defendants are permitted to defend this action.

## VI. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant this Motion, set aside the Clerk's Entry of Default (ECF No. 59) as to Defendant Nos. 122 and 124, grant Moving Defendants twenty-one (21) days,or alternatively no fewer than 14 days from the date of the Order to answer, move, or otherwise respond to the Complaint, and stay any default-judgment proceedings pending resolution of this Motion.

Dated: July 16, 2026

Respectfully Submitted,

By: /s/*Li Liu*

Li Liu (CA BAR NO. 362408)
LAW OFFICE OF LI LIU
453 S Spring Street Ste 400 PMB1502
Los Angeles, CA 90013
Email: sharonliu@slcrossborderlaw.com
Tel: +1(213)-348-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, I caused a true and correct copy of the foregoing Motion to be filed electronically via the Court's CM/ECF system, which will send notice of such filing to all counsel of record registered to receive electronic notice in this matter.

Dated: July 16, 2026

Respectfully Submitted,

By: /s/*Li Liu*
Li Liu (CA BAR NO. 362408)
LAW OFFICE OF LI LIU
453 S Spring Street Ste 400 PMB1502
Los Angeles, CA 90013
Email: sharonliu@slcrossborderlaw.com
Tel: +1(213)-348-0246