IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER LE FEUVRE,

                Plaintiff,

v.

SCHEDULE A DEFENDANTS,

                Defendants.

Civil Action No. 26-cv-1210

(Judge Stickman)

**Defendants 21 (naturequeen.com), 31 (lovessales.com), 88 (hippiesale.com), 100 (okaswimwear.com), and 123 (freehippiespirit.com) Motion to Dismiss**

Dated: July 28, 2026

Michael T. Griggs (pro hac vice)
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
mtg@boylefred.com

Cecilia R. Dickson (PA ID No. 89348)
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA  15222
412.471.8815
412.471.4094 (fax)
cdickson@webblaw.com
kbaldaufjr@webblaw.com
bclark@webblaw.com

***Attorneys for Defendants 21, 21, 88, 100, and 123***

**TABLE OF CONTENTS**

I.    Introduction ................................................................................................................ 1

II.   Background ................................................................................................................ 1

III.  Applicable Law ........................................................................................................ 2

IV.   Argument .................................................................................................................. 4

    A.   Plaintiff has failed to establish personal jurisdiction over Magic Matrix .......................... 4

    B.   Plaintiff has improperly joined Magic Matrix with 139 other defendants ......................... 6

V.    Conclusion ................................................................................................................ 8

**TABLE OF AUTHORITIES**

**Cases**

*Acosta v. Lounge,*
    2019 WL 2373170 (E.D. Pa. June 5, 2019) ........................................................ 3, 7, 8

*Flipside Wallets LLC v. Brafman Group, Inc.*,
    2020 WL 1330742 (E.D. Pa. Mar. 19, 2020) .............................................................. 2

*Fonovisa, Inc. v. Does 1-9,*
    2008 WL 919701 (W.D. Pa. Apr. 3, 2008)......................................................... 3, 7, 8

*FORCEL MEDIA LIMITED v. DecYI,*
    2025 WL 1665586 (W.D. Pa. June 12, 2025) ..................................................... passim

*Glitch Prods. Pty Ltd v. BaiHeShangMao*, No. 2:25-CV-00727-CCW,
    2025 WL 1899266 (W.D. Pa. July 1, 2025).................................................................. 7

*Guidecraft, Inc. v. OJCommerce, LLC,*
    2019 WL 2373440 (W.D. Pa. May 20, 2019) .............................................................. 2

*O'Connor v. Sandy Lane Hotel Co.,*
    496 F.3d 312 (3d Cir. 2007) ....................................................................................... 1

*Toys "R" Us, Inc. v. Step Two, S.A.,*
    318 F.3d 446 (3d Cir. 2003) .................................................................................. 2, 5

*Zhang v. AAGGO,*
    2025 WL 1158909 (W.D. Pa. Apr. 21, 2025)............................................................. 5

**Rules**

Rule 12, Fed. R. Civ. P.................................................................................................... 1

Rule 20, Fed. R. Civ. P. .......................................................................................... 3, 6, 7, 8

Rule 21, Fed. R. Civ. P. .................................................................................................. 3, 8

## I.     Introduction

Defendant Magic Matrix Technology, Co. Ltd. ("Magic Matrix"), identified as Defendants 21 (naturequeen.com), 31 (lovessales.com), 88 (hippiesale.com), 100 (okaswimwear.com), and 123 (freehippiespirit.com) on Schedule A, hereby moves to dismiss the complaint for lack of personal jurisdiction and improper joinder. Magic Matrix discussed this motion with Plaintiff via email and also addressed these issues in Magic Matrix's opposition to Plaintiff's preliminary injunction motion. It is Magic Matrix's understanding that Plaintiff opposes the motion and the relief sought.

## II.     Background

Plaintiff alleges that Magic Matrix sold various articles of clothing (the "Accused Clothing") bearing a stylized pattern that allegedly infringes one of Plaintiff's registered copyrights. While the Complaint identifies seven different copyrighted works, Magic Matrix is only accused of infringing one of the seven. Plaintiff identifies Magic Matrix on Schedule A under the aliases naturequeen.com, lovessales.com, hippiesale.com, okaswimwear.com, and freehippiespirit.com. Following commencement of this action, funds associated with Magic Matrix were restrained, which asset restraint was subsequently reduced to a total of $75,000 per agreement of the parties. Order (Doc. 69). Magic Matrix sold 165 articles of the Accused Clothing generating less than ***$5600*** in revenue. Jing Jul. 9, 2026, Decl. (Doc. 46-1), ¶ 6.

Plaintiff's Complaint does not identify any Pennsylvania customer of Magic Matrix, any Pennsylvania-directed advertising, any Pennsylvania-specific marketing efforts, or any actual sale by Magic Matrix to a Pennsylvania resident. Instead, Plaintiff relies upon generalized allegations directed collectively at all Schedule A defendants, which are unrelated entities and business endeavors.

1

### III.    Applicable Law

A defendant may move to dismiss a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P. When personal jurisdiction is challenged, the plaintiff bears the burden of establishing that jurisdiction exists. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Although the Court must accept the plaintiff's allegations as true and construe disputed facts in the plaintiff's favor at the pleading stage, the plaintiff must nevertheless allege facts sufficient to establish a prima facie basis for the exercise of jurisdiction. *See id.*

Pennsylvania's long-arm statute permits the exercise of personal jurisdiction to the fullest extent authorized by the United States Constitution. Accordingly, the sole inquiry is whether the exercise of jurisdiction comports with due process. Specific personal jurisdiction may be exercised over defendants only if "(1) the defendants purposefully directed their activities at the forum; (2) the action arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice." *FORCEL MEDIA LIMITED v. DecYI*, 2025 WL 1665586, at *1 (W.D. Pa. June 12, 2025) (citing *Williams v. Elliott,* No. 18-5418, 2020 WL 470308, at *4 (E.D. Pa. Jan. 29, 2020)).

The purposeful-availment requirement ensures that a defendant will not be subjected to jurisdiction based upon random, fortuitous, or attenuated contacts with the forum. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). As the Third Circuit has explained, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Id.* Accordingly, courts in this Circuit routinely reject attempts to establish personal jurisdiction based solely on the existence of an online storefront accessible within the forum state. *See FORCEL*, 2025 WL 1665586, at *1-*2; *Flipside Wallets LLC v. Brafman Group, Inc.*, 2020 WL 1330742, at *3 (E.D. Pa. Mar. 19, 2020) ("Even if [the defendant] knew or should have known that its products would end up in Pennsylvania through

2

Amazon sales, that expectation is insufficient to establish specific jurisdiction."); *Guidecraft, Inc. v. OJCommerce, LLC*, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) (explaining that businesses using Amazon "glean customers thousands of miles away" but that "such reach does not meet the definition of purposeful availment as interpreted by the Third Circuit, and neither does it satisfy the fairness inquiry").

Rule 20(a)(2), Fed. R. Civ. P., permits the joinder of multiple defendants only if: (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants will arise in the action. Both requirements must be satisfied. When parties have been improperly joined, Rule 21 authorizes the Court to sever or dismiss the improperly joined parties on just terms. Rule 21, Fed. R. Civ. P.

In the intellectual-property context, courts have consistently held that allegations that multiple defendants independently infringed the same intellectual property do not, standing alone, satisfy Rule 20's transaction-or-occurrence requirement. *See Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, at *4 (W.D. Pa. Apr. 3, 2008). Rather, there must be some factual connection among the defendants beyond the alleged infringement itself. As the Eastern District of Pennsylvania has explained, "there must be a connection between the defendants beyond the copyrighted work and method of distribution," and "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Acosta v. Lounge*, 2019 WL 2373170, at *3 (E.D. Pa. June 5, 2019).

Where Rule 20's requirements are not satisfied, Rule 21 authorizes the Court to sever or dismiss improperly joined parties. Rule 21, Fed. R. Civ. P. Recently, the Western District of Pennsylvania applied these principles in the Schedule A context and held that conclusory

3

allegations that defendants shared similar sales practices, online marketplace characteristics, or other purported indicators of coordination were insufficient to establish that they participated in the same transaction, occurrence, or series of transactions or occurrences. *FORCEL,* 2025 WL 1665586, at *2-*4.

## IV.    Argument

### A.    Plaintiff has failed to establish personal jurisdiction over Magic Matrix

Specific personal jurisdiction[1] may be exercised over defendants only if "(1) the defendants purposefully directed their activities at the forum; (2) the action arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice." *FORCEL,* 2025 WL 1665586, at *1 (citing *Williams v. Elliott*, No. 18-5418, 2020 WL 470308, at *4 (E.D. Pa. Jan. 29, 2020)).

Plaintiff alleges that personal jurisdiction exists because Magic Matrix purportedly "purposefully directed and expressly aimed" its activities at Pennsylvania by operating online storefronts capable of accepting orders from Pennsylvania residents, shipping products into Pennsylvania, collecting Pennsylvania sales tax, and allegedly making sales to Pennsylvania consumers. Complaint (Doc. 1), ¶¶ 3-8. However, these allegations are entirely conclusory and are pleaded collectively against all Schedule A Defendants. Plaintiff identifies no specific Pennsylvania customer, no specific sale by Magic Matrix to a Pennsylvania resident, no Pennsylvania-directed advertising, and no other forum-specific conduct by Magic Matrix. Instead, Plaintiff merely alleges, "upon information and belief," that the collective defendants have sold accused products to Pennsylvania consumers and relies on the generalized assertion

---

[1] Plaintiff does not plead any allegations attempting to establish general personal jurisdiction over Magic Matrix.

that the collective defendants were willing to ship products into Pennsylvania. *Id*.

Those allegations are insufficient to establish purposeful availment. Simply operating a store on a national e-commerce website is not enough to establish purposeful availment of the forum. *FORCEL*, 2025 WL 1665586, at *1; *Toys "R" Us,* 318 F.3d at 454 ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world."). Indeed, in *FORCEL*, this Court rejected materially similar Schedule A allegations, holding that allegations that defendants operated e-commerce stores through which Pennsylvania residents could purchase allegedly infringing products were insufficient to establish purposeful availment. *FORCEL*, 2025 WL 1665586, at *1. The same result follows here.

Like the complaint in *FORCEL*, Plaintiff's Complaint relies on generalized allegations that the collective defendants operate online storefronts accessible from Pennsylvania and are willing to ship products into Pennsylvania. However, Plaintiff pleads no specific facts demonstrating that Magic Matrix actually targeted Pennsylvania or purposefully directed activities toward Pennsylvania. Plaintiff does not identify any Pennsylvania customer, any Pennsylvania-directed advertising, any Pennsylvania-specific marketing efforts, or any actual arms-length sale by Magic Matrix to a Pennsylvania resident. Instead, Plaintiff merely alleges, "upon information and belief," that the collective defendants sold accused products to Pennsylvania consumers. Such conclusory allegations, unsupported by defendant-specific factual allegations, are insufficient to establish purposeful availment. *See FORCEL*, 2025 WL 1665586, at *2; *Zhang v. AAGGO*, 2025 WL 1158909, at *3 (W.D. Pa. Apr. 21, 2025) ("the Court concurs with its sister courts finding that personal jurisdiction will not attach absent any evidence of actual sales to the forum state."). Because Plaintiff has failed to plead facts demonstrating that

5

Magic Matrix purposefully directed activities toward Pennsylvania, the exercise of personal jurisdiction would violate due process.

### B.    Plaintiff has improperly joined Magic Matrix with 139 other defendants

Rule 20(a)(2), Fed. R. Civ. P., permits joinder of multiple defendants only where: (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants will arise in the action. Both requirements must be satisfied. When those requirements are not met, Rule 21 authorizes the Court to sever or dismiss improperly joined parties.

Further, in *FORCEL*, the Western District of Pennsylvania questioned the propriety of joining more than one hundred Schedule A defendants in a single intellectual property action and held that allegations materially similar to those asserted here were insufficient to establish a connection among the defendants. *FORCEL*, 2025 WL 1665586, at *2-*4 (W.D. Pa. June 12, 2025). The plaintiff in *FORCEL* alleged that defendants shared similar registration patterns, payment methods, checkout methods, keywords, product descriptions, images, and other purported indicators of coordination. *Id*. at *3. The court rejected those allegations as "conclusory assertions unsupported by sufficient facts" and found they did not establish that the defendants participated in the same transaction, occurrence, or series of transactions or occurrences. *Id*.

The allegations here suffer from the same defect. Plaintiff repeatedly alleges that Defendants "cooperated, communicated, shared information, and coordinated their efforts," that they are an "interrelated group of infringers working in active concert," and that their online storefronts share "unique identifiers" demonstrating a common operation. Complaint (Doc. 1), ¶¶ 5, 9-10, 16, 19, 22, 36. Yet Plaintiff pleads no facts identifying any actual agreement among

6

Defendants, any shared ownership, any common management, any common supplier, any shared financial accounts, or any communication between any specific defendants. Instead, Plaintiff relies on generalized assertions regarding allegedly similar sales methods, online marketplace activity, and product offerings. As *FORCEL* recognized, such conclusory allegations are insufficient to satisfy Rule 20. *See also Glitch Prods. Pty Ltd v. BaiHeShangMao*, 2025 WL 1899266 (W.D. Pa. July 1, 2025) (denying a motion for a preliminary injunction in a Schedule A case due to improper joinder).

The result is consistent with copyright-specific authority within this Circuit. In *Fonovisa, Inc. v. Does 1-9*, the Western District of Pennsylvania held that joinder was improper where multiple defendants allegedly infringed the same copyrighted works through the same peer-to-peer platform because each defendant acted independently and there was no evidence of concerted activity. *Fonovisa*, 2008 WL 919701, at *4. More recently, the Eastern District of Pennsylvania explained that "there must be a connection between the defendants beyond the copyrighted work and method of distribution" and that "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Acosta*, 2019 WL 2373170, at *3.

Indeed, Plaintiff's theory is even weaker than the theories rejected in those cases. Plaintiff alleges infringement of seven different copyrighted works and expressly identifies different groups of defendants allegedly associated with different works. Thus, many defendants are not even accused of infringing the same copyrighted image. Liability as to one defendant will require proof of different facts, different allegedly infringing products, different marketplace listings, different acts of alleged infringement, and different damages than liability as to another

defendant. The claims therefore do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

Plaintiff's own chart at the beginning of the Complaint demonstrates that different groups of defendants are accused of infringing different copyrighted works. *See* Complaint (Doc. 1), pp. 2-3. Thus, many defendants are not even accused of infringing the same image, further confirming that Plaintiff's claims do not arise from a common transaction or occurrence. That is precisely the type of collective pleading rejected in *FORCEL*, *Fonovisa*, and *Acosta*. Because Plaintiff has failed to allege facts demonstrating that the claims against the Schedule A defendants arise from the same transaction, occurrence, or series of transactions or occurrences, joinder is improper under Rule 20. The Court should dismiss the claims without prejudice pursuant to Rule 21, Fed. R. Civ. P.

## V.    Conclusion

WHERFORE, Magic Matrix respectfully requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, because Plaintiff has improperly joined more than one hundred unrelated defendants in a single action, the Court should sever and dismiss the claims against Defendants 21 (naturequeen.com), 31 (lovessales.com), 88 (hippiesale.com), 100 (okaswimwear.com), and 123 (freehippiespirit.com) pursuant to Rules 20 and 21.


Dated: July 28, 2026                          s/ Michael T. Griggs
                                              Michael T. Griggs (pro hac vice)
                                              BOYLE FREDRICKSON S.C.
                                              840 N. Plankinton Ave.
                                              Milwaukee, WI  53203
                                              mtg@boylefred.com

                                              Cecilia R. Dickson (PA ID No. 89348)
                                              Kent E. Baldauf, Jr. (PA ID No. 70793)

8

Bryan P. Clark (PA ID No. 205708)
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA  15222
412.471.8815
412.471.4094 (fax)
cdickson@webblaw.com
kbaldaufjr@webblaw.com
bclark@webblaw.com

***Attorneys for Defendants 21, 21, 88, 100, and 123***

9