**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JENNIFER LE FEUVRE,
Plaintiff,

Civil Action No. 2:26-cv-01210-WSS
(Judge Stickman)

v.

LIUNIAN888 et al.,
Defendants.

___________________________/

**DEFENDANT PRINCESSACE.COM'S REPLY IN SUPPORT OF ITS MOTION TO VACATE CLERK'S ENTRY OF DEFAULT [ECF NO. 71]**

Defendant Princessace.com ("Defendant"), by and through undersigned counsel, respectfully submits this Reply in support of its Motion to Vacate the Clerk's Entry of Default (ECF No. 71) and in response to Plaintiff's Response (ECF No. 86).

## I. Introduction

Plaintiff expressly does not oppose vacatur of the Clerk's entry of default (ECF No. 59) as to Defendant so that the claims against it may be resolved on the merits. (Resp. at 1, 4.) That non-opposition, combined with the strong preference in this Circuit for deciding cases on the merits, warrants granting the Motion. Defaults are disfavored, and any doubt is resolved in favor of setting the default aside. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984).

Plaintiff's Response nonetheless interjects arguments concerning personal jurisdiction under Rule 4(k)(2), the strength of the supporting declaration, and the

purported deficiencies in Defendant's meritorious-defense showing. Those arguments are premature, misstate the governing standard under Rule 55(c), and are unnecessary to the limited relief sought. Defendant addresses them briefly below and proposes a narrow order that preserves the status quo while allowing the case to proceed on the merits.

**II. A Motion Under Rule 55(c) Need Not Fully Litigate Personal Jurisdiction or Address Rule 4(k)(2)**

Plaintiff criticizes Defendant for not addressing Federal Rule of Civil Procedure 4(k)(2) in the Motion and contends that Defendant's own admissions somehow establish nationwide contacts sufficient for jurisdiction. (Resp. at 2–3.) That criticism confuses the standards and purposes of distinct procedural vehicles.

A motion to set aside an entry of default under Rule 55(c) requires only a showing of "good cause," evaluated under the familiar three-factor test: (1) prejudice to the plaintiff, (2) whether the defendant has a meritorious defense, and (3) whether the default resulted from culpable conduct. *$55,518.05*, 728 F.2d at 195. It is not a substitute for a motion to dismiss under Rule 12(b)(2), nor does it require the defendant to fully brief or conclusively establish the absence of personal jurisdiction.

Personal jurisdiction—including the applicability of Rule 4(k)(2)'s residual nationwide-contacts provision—is a merits-stage or Rule 12 issue. The Court need not (and should not) make any finding on jurisdiction to grant Rule 55(c) relief. Defendant has alleged specific facts supporting a jurisdictional defense: no sales of the accused products into Pennsylvania and no other purposeful contacts directed at this forum. (Mot.

¶ 19; Fang Decl. ¶ 6.a.) Whether those facts ultimately defeat specific jurisdiction, or whether Rule 4(k)(2) applies because Defendant is not subject to jurisdiction in any one state, is a question for a properly noticed and briefed motion to dismiss (or for summary judgment), not for a reply brief on a largely unopposed motion to vacate a clerk's entry of default.

Plaintiff's non-opposition to vacatur is itself without prejudice to the parties' respective positions on jurisdiction. Defendant expressly reserves all jurisdictional defenses and will address Rule 4(k)(2) if and when Plaintiff seeks to litigate the issue in the proper procedural posture. Vacatur effects no concession and requires no finding on the point.

**III. The Meritorious-Defense Standard Under Rule 55(c) Is Lenient; a Hint of a Plausible Defense Suffices**

Plaintiff next argues that Defendant's asserted defenses are "conclusory and unsupported" and that the supporting declaration is entitled to little weight because it is made "to the best of [the declarant's] knowledge, information, and belief," contains residual template language, and lacks detailed evidentiary exhibits. (Resp. at 3–4.) This argument overstates what Rule 55(c) demands.

To establish a meritorious defense for purposes of setting aside an entry of default, a defendant "need only allege specific facts that, if proven at trial, would constitute a complete defense to the action." *$55,518.05*, 728 F.2d at 195. The defendant is not required to prove the defense, produce documentary evidence sufficient to withstand

summary judgment, or fully develop the factual record at the Rule 55(c) stage. Courts routinely accept a "hint of a suggestion" of a meritorious defense as adequate, particularly where the default is not the product of willful disregard and the plaintiff will suffer no prejudice. The inquiry is whether the proffered defense is more than a bare denial and raises a factual or legal question that, if resolved in the defendant's favor, would defeat liability or limit remedies.

Defendant has done precisely that:

- No personal jurisdiction based on forum contacts. Defendant made no sales into Pennsylvania. (Mot. ¶ 19; Fang Decl. ¶ 6.a.) That factual allegation, if proven, would defeat specific personal jurisdiction under traditional minimum-contacts analysis.
- Lack of willfulness / public availability of images. Any images at issue were publicly available online; the products were listed for a finite period and have been delisted. (Mot. ¶¶ 9, 20; Fang Decl. ¶ 7.) Absence of willfulness is a substantial defense to enhanced statutory damages.
- Independent creation / lack of access. Defendant independently created or sourced the designs and had no access to Plaintiff's claimed South African publication. (Mot. ¶¶ 10, 21; Fang Decl. ¶¶ 7–8.) Independent creation is a complete defense to copyright infringement.
- Timing of registration. The copyright was allegedly first published in 2014 but not registered until 2024, limiting availability of statutory damages and attorneys' fees. (Mot. ¶ 22; Fang Decl. ¶ 9.)

These are specific factual assertions, not mere legal conclusions. They are supported by a declaration executed under penalty of perjury pursuant to 28 U.S.C. § 1746. That the declaration uses cautious phrasing ("to the best of my knowledge, information, and belief") or retains minor form language does not render it a nullity at this preliminary stage. Plaintiff will have a full opportunity to test these defenses through discovery, a motion to dismiss, or summary judgment. Rule 55(c) does not require Defendant to litigate the entire case in a short motion to vacate an entry of default that Plaintiff does not even oppose.

**IV. Additional Considerations Support Vacatur on Reasonable Conditions**

Plaintiff will suffer no prejudice. The case remains in its early stages; other defendants are actively litigating; a preliminary injunction and asset restraint are already in place; and vacatur as to this single defendant will not materially delay the overall proceedings.

The default was not the product of culpable or willful conduct. Defendant is an overseas entity in China facing language barriers and practical difficulties in locating counsel admitted in this District and fluent in Mandarin. It reasonably believed ongoing settlement discussions made an immediate formal response unnecessary. As soon as counsel was retained, Defendant moved promptly for pro hac vice admission and sought to vacate the default. (Mot. ¶¶ 6–8, 13–16; Fang Decl. ¶¶ 2–5.)

Defendant does not object to an order confirming that the existing Preliminary Injunction (ECF No. 36) and asset-restraint order (ECF No. 69) remain in full force and effect as to Defendant. Those orders rest on independent findings and are not disturbed by Rule 55(c) relief. Should Defendant later seek modification, it will proceed by separate motion under the terms already provided by the Court.

With respect to the time to respond to the Complaint, Plaintiff proposes fourteen (14) days. Defendant accepts fourteen (14) days from the date of the Court's order if that facilitates prompt resolution, or such other reasonable period as the Court deems appropriate.

**V. Conclusion**

For the foregoing reasons, and because Plaintiff does not oppose the core relief, Defendant respectfully requests that the Court enter an order:

(a) Vacating the Clerk's Entry of Default (ECF No. 59) insofar as it pertains to Defendant Princessace.com;

(b) Confirming that the Preliminary Injunction (ECF No. 36) and asset-restraint order (ECF No. 69) remain in full force and effect as to Defendant;

(c) Directing Defendant to file a response to the Complaint within fourteen (14) days of the Order (or such other reasonable period as the Court sets); and

(d) Providing that the Order is without prejudice to, and effects no concession of, the parties' respective positions on personal jurisdiction, the merits, or any other defense.

Respectfully submitted,

Dated: August 5, 2026

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
(Admission Pro Hac Vice)
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Defendant Princessace.com

**CERTIFICATE OF SERVICE**

I hereby certify that on [date], a true and correct copy of the foregoing Reply was filed electronically using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu