IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LE FEUVRE,

Plaintiff,

v.

LIUNIAN888 et al.,

Defendants.

Civil Action No. 2:26-cv-01210-WSS

(Judge Stickman)

**ORDER**

AND NOW, this 10 day of August, 2026, upon consideration of Defendant Nos. 122 (BOIILIFE.COM) and 124 (RIVACOCO.COM)'s Motion to Set Aside the Clerk's Entry of Default, for an Extension of Time, and to Stay Default-Judgment Proceedings [ECF No. 66], and Plaintiff's response thereto, IT IS HEREBY ORDERED as follows:

1. The Motion is **GRANTED IN PART** on the terms stated below. For good cause shown under Federal Rule of Civil Procedure 55(c), the Clerk's Entry of Default [ECF No. 59] is **SET ASIDE** as to Defendant Nos. 122 and 124 only. This Order rests on the good-cause standard of Rule 55(c) and reflects no finding regarding the sufficiency of service of process, which the parties may litigate under Rule 12 if raised.
2. Defendant Nos. 122 and 124 **shall answer or otherwise respond** to the Complaint within **fourteen (14) days** of the date of this Order.
3. The Court's Preliminary Injunction [ECF No. 36], including the asset restraint entered thereunder, **remains in full force and effect** as to Defendant Nos. 122 and 124, and the funds restrained thereunder **shall remain restrained** pending further order of the Court. Nothing in this Order modifies, dissolves, or otherwise affects the Preliminary Injunction.

4. To the extent the Motion seeks a stay of any default-judgment proceedings, that request is **DENIED AS MOOT**, no motion for default judgment being pending or contemplated against Defendant Nos. 122 and 124; this paragraph does not affect the Preliminary Injunction or the asset restraint, which remain in effect under Paragraph 3.

5. All defenses reserved by Defendant Nos. 122 and 124 (ECF No. 66 at 1–2), and all of Plaintiff's responses thereto, are **preserved** for resolution if and when raised.

SO ORDERED:

William S. Stickman IV
United States District Judge